UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| TONY ALLEN STONELL, | ) <br> ) <br> ) |
| Petitioner, | ) Case No. 5:20-cv-274-HRW <br> ) |
| v. | ) <br> ) **MEMORANDUM OPINION** |
| FRANCISCO QUINTANA, | ) **AND ORDER** <br> ) |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Tony Allen Stonell is a federal inmate currently confined at the Federal Medical Center ("FMC") – Lexington located in Lexington, Kentucky. Proceeding without counsel, Stonell has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. No. 1] Stonell has neither paid the $5.00 filing fee, nor has he filed a motion for leave to proceed *in forma pauperis*.

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

1

Stonell's petition identifies two grounds for his § 2241 petition. Ground one relates to the "jail/prison conditions" at FMC-Lexington and is based on Stonell's allegations that, since the COVID-19 pandemic began, there have been no cleaning supplies or soap to keep his area clean and that cross-contamination is rampant. [D.E. No. 1 at p. 5] Ground two is based on allegations of "due process, freedom of speech, 8th amendment violations and so much more." [*Id.*] In support of this claim, Stonell alleges that legal mail gets lost and delayed and that his mail has been censored. [*Id.*] He also states that he has many health issues, including cancer, sleep apnea, COPD, and "many more conditions by which the Warden has put me in direct harm by not granting me home confinement." [*Id.*] Stonell has crossed out the section of the form that he used to file his § 2241 petition regarding his pursuit of administrative remedies, claiming that it is not applicable. [*Id.* at p. 6] As relief, he requests that Warden Quintana resign and that Stonell's sentence "be over with" so he can be released. [*Id.* at p. 8]

However, Stonell's claims are not proper in a habeas petition filed pursuant to 28 U.S.C. § 2241. Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility. *See id.; see also Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges).

Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action." *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

Upon review, it is clear that the bulk of Stonell's claims (including his allegations of violations of the First Amendment related to his mail, and violations of due process and the Eighth Amendment) are clearly claims regarding the conditions of his confinement. A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he can only assert such claims by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit Court of Appeals has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)). Should Stonell wish to pursue his

claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

It is true that the United States Court of Appeals for the Sixth Circuit has recently stated that "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement." *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020). In *Wilson*, the petitioners contended that there were *no* conditions of confinement sufficient to prevent irreparable constitutional injury at FCI-Elkton as a result of the spread of COVID-19, thus they sought release, which the Sixth Circuit noted is "the heart of habeas corpus." *Id*. (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). However, Stonell does not claim that there are absolutely no conditions of confinement under which he could constitutionally remain at FMC-Lexington. Rather, he states that, in light of what he claims are improper practices regarding sanitation and the handling of mail, he wishes to be released from custody.

Moreover, to the extent that Stonell seeks for his term of imprisonment to "be over with" or that he be released to home confinement, in *Wilson*, the Sixth Circuit further explained that "the decision to bring a habeas claim, rather than one challenging the conditions of confinement, limits the type of relief available to petitioners. A district court reviewing a claim under § 2241 does not have authority

4

to circumvent the established procedures governing the various forms of release enacted by Congress." *Wilson*, 961 F.3d at 838.

Thus, Stonell's request for immediate release to home confinement, though filed in a § 2241 petition, is actually a motion for modification of a sentence made pursuant to 18 U.S.C. § 3582. However, a § 3582(c) motion for modification of an imposed term of imprisonment must be made to the Court that sentenced Stonell, and may not be filed in this Court. *See* 18 U.S.C. § 3582(c) (providing the limited circumstances under which the court that imposed a sentence may modify that sentence). Indeed, "although the [Bureau of Prisons] has the ability to recommend compassionate release, only the sentencing court is authorized to reduce a term of imprisonment." *See Wilson*, 961 F.3d at 844.

Moreover, contrary to Stonell's claim that the administrative remedy process does not apply, in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), the Sixth Circuit specifically rejected the argument that a prisoner seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) need not comply with that statute's administrative exhaustion requirement prior to seeking relief in federal court. In *Alam*, the Sixth Circuit affirmed the district court's dismissal of a prisoner's § 3582 motion filed prior to exhaustion, explaining that "because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no

exception for some compassionate-release requests over others), we must enforce it." *Id*. at 832. The Sixth Circuit further found that the "unprecedented" COVID-19 pandemic does not warrant a departure from the exhaustion requirement, as "[t]he seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk." *Id*. at 835-36.

For all of these reasons, the Court will deny Stonell's § 2241 petition without prejudice to Stonell's right to assert his claims related to the conditions of his confinement in a civil rights proceeding and/or his right to file a motion for a modification of his sentence pursuant to 18 U.S.C. § 3582 in the Court that sentenced him.

Accordingly, it is hereby **ORDERED** as follows:

1. Stonell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. No. 1] is **DENIED WITHOUT PREJUDICE**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 7th day of July, 2020.



**Signed By:**
*Henry R Wilhoit Jr.*
**United States District Judge**